# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMALIA CRINA KLINE, | Civil No. 3:19-cv-972 |
| Petitioner | (Judge Mariani) |
| v. | |
| SCI-MUNCY DEPARTMENT OF CORRECTIONS, et al., | |
| Respondents | |

FILED
SCRANTON
JUN 10 2019
PER _____
DEPUTY CLERK

## MEMORANDUM

### I. Background

Petitioner Amalia Crina Kline ("Kline"), an inmate presently confined at the State Correctional Institution in Muncy, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). Kline challenges a conviction and sentence imposed by the Berks County Court of Common Pleas. (Id.). For the reasons set forth below, the Court will transfer the above-captioned case to the United States District Court for the Eastern District of Pennsylvania.

### II. Discussion

"The federal habeas corpus statute straightforwardly provides that the proper respondent to a habeas petition is 'the person who has custody over [the petitioner].' 28 U.S.C. § 2242; see also § 2243. . . . '[T]hese provisions contemplate a proceeding against some person who has the *immediate custody* of the party detained, with the power to

produce the body of such party before the court or judge, that he may be liberated if no sufficient reason is shown to the contrary.'" *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004) (emphasis in original) (citations omitted); *Cox v. Holt*, 2009 WL 4015567, *1-2 (M.D. Pa. 2009). Thus, this Court has jurisdiction over Kline's petition. However, notwithstanding the issue of jurisdiction, a court may transfer any civil action for the convenience of the parties or witnesses, or in the interest of justice, to any district where the action might have been brought. 28 U.S.C. § 1404(a); *See also Braden v. 30th Judicial Circuit of Kentucky*, 410 U.S. 484 (1973). Because habeas proceedings are generally considered civil in nature, *see Hilton v. Braunskill*, 481 U.S. 770, 776 (1987), the term "civil action" includes habeas petitions. *Parrott v. Government of Virgin Islands*, 230 F.3d 615, 620 (3d Cir. 2000). Title 28 U.S.C. § 2241(d) provides:

> (d) Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

28 U.S.C. § 2241(d).

"It has been the general practice of the federal district courts in Pennsylvania to transfer habeas corpus petitions to the federal district court where the Court of Common

2

Pleas is located that conducted the underlying criminal trial of the petitioner." *Aponte v. Coleman*, 2011 WL 4368376, *2 (W.D. Pa. 2011), *adopted by*, 2011 WL 4368682 (W.D. Pa. 2011). In the case *sub judice*, Kline was convicted in the Berks County Court of Common Pleas, which is located within the Eastern District of Pennsylvania. Since the records of conviction, transcripts of proceedings, witnesses, and counsel are presumably located within the Eastern District of Pennsylvania, it would be prudent to transfer this action to the United States District Court for the Eastern District of Pennsylvania. *See Mohammed v. Gavin*, 2013 WL 1969373, (M.D. Pa. 2013), *adopted by*, 2013 WL 1969366 (M.D. Pa. 2013) (transferring the 28 U.S.C. § 2254 habeas petition to the United States District Court for the Eastern District of Pennsylvania noting that all records of petitioner's state court conviction, transcripts of proceedings, witnesses, and counsel were located within that district). Further, there is no indication that the transfer of this action would result in any substantial delay or prejudice to the petitioner. *See Garcia v. Pugh*, 948 F. Supp. 20, 23 (E.D. Pa. 1996). Consequently, the Court will transfer this matter to the United States District Court for the Eastern District of Pennsylvania.

A separate Order shall issue.

Dated: June 10, 2019

Robert D. Mariani
United States District Judge